WOLF, J.
 

 Appellant, the Office of Insurance Regulation (Office), challenges an administrative order finding portions of a proposed rale regulating viatical settlements were invalid. We affirm as to all issues except one. The administrative law judge erred in finding a portion of the proposed rale which requires viatical settlement providers to document changes to the provider’s method of operation in an annual report was invalid.
 

 
 *954
 
 Appellee, Life Insurance Settlement Association, challenged portions of an annual report to be filed by viatical settlement providers which was incorporated by reference in proposed rule 690-204.030(l)(a). This opinion addresses Interrogatory l.d., contained in the annual report. This interrogatory required viatical settlement providers to answer, “[sjinee the latter of the date of application or the last annual report filed with the Office has there been any change in the Provider’s: ... d. Method of operation as described in its most recent plan of operations filed with the Office.” If answered “yes,” the interrogatory required supporting documentation be attached.
 

 The specific authority cited for the proposed rule was section 626.9925, Florida Statutes, which states the Financial Services Commission, of which the Office is a part, “may adopt rules to administer this act, including ... rules providing for the collection of data....”
 

 Several statutes were cited as laws implemented by the proposed rule, including section 626.9913(2), which requires viatical settlement providers to file an annual report “containing information the commission requires.... ” Also cited as a law implemented was section 626.9912(3)(b)-(c), which requires that in an application for licensure as a viatical settlement provider, a provider must submit:
 

 (b) A copy of the applicant’s basic organizational documents, if any, including the articles of incorporation, articles of association, partnership agreement, trust agreement, or other similar documents, together with all amendments to such documents.
 

 (c) Copies of all bylaws, rules, regulations, or similar documents regulating the conduct of the applicant’s internal affairs.
 

 Section 626.9912(5) provides upon the filing of an application, “the office shall investigate each applicant and may issue the applicant a license if the office finds that the applicant: (a) Has provided a detailed plan of operation.”
 

 The ALJ found Interrogatory l.d. enlarged the specific provisions of law implemented as contemplated by section 120.52(8)(c). The ALJ determined although section 626.9912(3) gave the Office the authority to require certain information from applicants, this authority did not extend to permit the Office to seek this information from licensees filing annual reports.
 

 Clearly the organizational information required in an application under section 626.9912(3), which is characterized as a “plan of operation” in section 626.9912(5), is the same information to which Interrogatory l.d. refers as the “[m]ethod of operation as described in its most recent plan of operations filed with the Office.”
 

 To read section 626.9912(3) in this limited manner, as giving the Office only the authority to require this information from applicants, would essentially render this section meaningless. Nothing would prevent a viatical settlement provider from filing an application and then immediately changing its method of operation, making the information in the application obsolete. Once the Legislature determined it was important for the Office to have information concerning settlement providers’ method of operation, it necessarily contemplated that the Office would be apprised of any substantial change. Therefore, because the Office has the authority to receive information concerning a viatical settlement provider’s method of operation pursuant to section 626.9912(3), the proposed rule did not enlarge the specific provision of law implemented by requiring updates when this information changes.
 

 
 *955
 
 For the foregoing reasons, we reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.
 

 WEBSTER and THOMAS, JJ., concur.